UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DENNIS NELSON, a/k/a David J. Cash,

       **Plaintiff,**

 v.                  9:13-CV-0112
                        (MAD/ATB)

DR. ANDERSON, et al.,

       **Defendants.**

---

**APPEARANCES:**

**DENNIS NELSON**
**94-B-0694**
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541
Plaintiff *pro se*

**MAE A. D'AGOSTINO**
**United States District Judge**

## DECISION AND ORDER

  Plaintiff Dennis Nelson commenced this action by filing a *pro se* complaint. *See* Dkt. No. 1. Plaintiff requested leave to proceed *in forma pauperis*. *See* Dkt. No. 2 ("IFP Application"). By Decision and Order of this Court filed on June 19, 2013, Plaintiff's IFP Application was denied pursuant to 28 U.S.C. § 1915(g), because Plaintiff has accumulated "three strikes" and was not entitled to the imminent danger exception. *See* Dkt. No. 4 (the "June Order"). Plaintiff was advised that this action would be dismissed without prejudice, without further order of the Court, if he failed to pay the full filing fee of three hundred and fifty dollars ($350.00) within thirty (30) days of the filing date of June Order. *Id.* Presently before the Court is Plaintiff's motion for reconsideration of the June Order. Dkt. No. 5.

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *See Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)). The standard for granting a motion for reconsideration is strict. *See Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* Furthermore, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (quotation omitted).

Plaintiff argues that this action should not be dismissed because he was in imminent danger of serious physical injury when he commenced this action. *See* Dkt. No. 5. Since Plaintiff does not suggest that there has been either an intervening change in the controlling law or that he has discovered new evidence, it appears that he seeks reconsideration to remedy a clear error of law or to prevent a manifest injustice.

In his motion for reconsideration, Plaintiff alleges that Defendant Anderson used an unsterile instrument when he cut a hole in Plaintiff's leg while performing a bone biopsy, and Plaintiff appears to attribute his bone infection (osteomyelitis) to the use of the unsterile instrument.[1] *See* Dkt. No. 5 at

---

[1] Even if true, Plaintiff fails to state a claim pursuant to 42 U.S.C. § 1983. At best, Plaintiff alleges that Defendant Anderson was negligent or guilty of medical malpractice. However, the protections afforded by the Eighth Amendment do not extend to remedy harms inflicted as a result of conduct amounting to negligence or medical malpractice but not encompassing conscious disregard of an inmate's health. Therefore, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth

(continued...)

2. Plaintiff has provided nothing new to suggest that Defendants' alleged wrongdoing, which occurred two weeks before Plaintiff filed this action, was anything but past harm, which does not equate to imminent danger. *See Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) (finding that the risk of serious physical harm must exist at the time the complaint is filed); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002) (holding that past harm does not provide basis for avoiding the "three strikes" rule). Plaintiff also alleges that he is receiving antibiotics for his bone infection at Five Points Correctional Facility ("Five Points C.F.") where he is presently incarcerated, but claims that the antibiotics are not "doing anything to the infection." *See* Dkt. No. 5 at 2. However, Plaintiff's alleged inadequate medical treatment at Five Points C.F. does not entitle Plaintiff to invoke the imminent danger exception with respect to his claim regarding his past inadequate medical treatment by the Defendant physicians at Cayuga Medical Center.[2]

The Court has thoroughly reviewed Plaintiff's motion for reconsideration and finds that Plaintiff presents no basis for reconsideration of the June Order. As such, Plaintiff's motion for reconsideration (Dkt. No. 5) is denied in its entirety.

In light of his *pro se* status, Plaintiff is granted an extension of time to comply with the June Order. Therefore, Plaintiff must, within twenty (20) days of the filing date of this Decision and Order,

---

[1](...continued)
Amendment." *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Stated another way, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.*; *see also Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("[T]he Eighth Amendment is not a vehicle for bringing medical malpractice claims. . . .").

[2] To the extent that Plaintiff has a claim regarding his medical treatment by staff at Five Points C.F., that claim should be filed in the Western District of New York where Five Points C.F. is located. Indeed, Plaintiff has already filed a complaint in the Western District of New York alleging that medical staff at Five Points C.F. are not properly treating his bone infection. *See Nelson v. Deming*, No. 6:13-CV-6252 (W.D.N.Y. filed May 16, 2013).

submit the full filing fee of $350.00.  If Plaintiff fails to timely pay the required filing fee in full, this action will be dismissed without prejudice without further order of the Court.

**WHEREFORE**, the Court hereby

**ORDERS** that Plaintiff's motion for reconsideration (Dkt. No. 5) is **DENIED**; and the Court further

**ORDERS** that this action shall be **DISMISSED without prejudice**, without further order of the Court, if Plaintiff fails to pay the full filing fee of three hundred and fifty dollars ($350.00) **within twenty (20) days** of the filing date of this Decision and Order; and the Court further

**ORDERS** that if Plaintiff timely pays the entire filing fee, the Clerk of the Court shall return the file to the Court for review of the complaint in accordance with 28 U.S.C. § 1915A;[3] and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 8, 2013
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[3] Pursuant to 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A.